UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DEBRA BROWN,

                                  Plaintiffs,

    -against-                                  **ORDER**
                                                22-CV-7294-NGG-SJB

XGEN PHARMACEUTICALS DJB, Inc.,

                                  Defendant.
----------------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

        Defendant XGEN Pharmaceuticals DJB, Inc. ("XGEN") has filed a motion to transfer this civil rights action, brought by Plaintiff Debra Brown ("Brown"), to the Western District of New York. For the reasons explained below, the motion is granted.

        The pertinent facts are as follows: Brown alleges that XGEN unlawfully terminated her employment due to her disability and failed to give her a reasonable accommodation, in violation of the Americans with Disabilities Act ("ADA") and state and local human rights laws. (Compl., Dkt. No. 1 ¶ 1). Brown allegedly worked for XGEN for about six years. (*Id.* ¶ 21, 44). Brown lives in Chemung County, (*Id.* ¶ 8), and XGEN is located and headquartered there. (Decl. of J. Robin Liles in Supp. of XGEN Pharmaceuticals DJB, Inc.'s Mot. to Transfer Venue dated June 7, 2023 ("Liles Decl."), Dkt. No. 23-4 ¶ 5). Chemung County is in the Western District of New York.

        A threshold question is whether venue was first proper in this District. "A civil action may be brought" in a district in which either "any defendant resides, if all defendants are residents" of New York or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2).

Brown's opposition brief states, in essence, that XGEN is a resident of the Eastern District because the Secretary of State's website for the corporation gives a Long Island address. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Transfer Venue dated June 28, 2023 ("Pl.'s Mem. of Law"), Dkt. No. 23-7 at 1–2); (June 1, 2023 N.Y. Department of State Division of Corps. Entity Info. for XGEN Pharmaceuticals DJB, Inc., attached as Ex. A to Liles Decl., Dkt. No. 23-5). XGEN states that the designation of a Long Island address was in error because that location is the home of the company's Chief Executive Officer. (Liles Decl. ¶ 5). Section 1391(d) ("Residency of corporation in States with multiple districts")—which both parties fail to address—provides the straightforward answer that the case was initially brought in a correct district. 14D Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3811.1 (4th ed. 2023) ("The 'multiple district' provision of Section 1391(d) addresses how personal jurisdiction is assessed in states that have multiple districts. It requires the court to assess the entity's contacts with a district as though that district [were] . . . a separate state. If that test is satisfied with regard to more than one district in the state, the corporation resides in each such district."). For states like New York, with multiple federal districts, a corporation is deemed to "reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Even if XGEN's headquarters and sole office location are in the Western District, it has not argued that its contacts with the Eastern District are so insubstantial or nonexistent that it would not be subject to personal jurisdiction here if this District were its own state. It repeatedly repeats the refrain that it is a resident of the Western District only. But for corporations, section 1391(d) disposes of the concept of residence in a single district. 14D Wright & Miller et al., *supra* at 2 ("Because an

2

entity defendant resides where the company is subject to personal jurisdiction, corporations can reside in more than one district simultaneously."). And by force of that provision, XGEN "resides" not only in the Western District, but also here.

That venue was properly lodged in the first instance does not resolve whether the case should remain here. On that score, it is Brown's papers that fall short. "A district court may exercise its discretion to transfer venue 'for the convenience of parties and witnesses, in the interest of justice.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting 28 U.S.C. § 1404(a)). "Among the factors to be considered in determining whether to grant a motion to transfer venue 'are, *inter alia:* (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Id.* (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–7 (2d Cir. 2006)). "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer.'" *Id.* at 114 (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)) (noting district courts are correct in finding that clear and convincing evidence is necessary to demonstrate transfer is appropriate).

XGEN prevails on the most significant of these factors. As to the first, plaintiff's choice of forum, "courts have noted that the weight given to this factor is diminished where (1) the operative facts have 'little or no connection' with the forum chosen by the plaintiff[.]" *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012) (collecting cases); *see also Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 32 (S.D.N.Y. 2016) ("Where 'the forum selected is not plaintiff's home forum or the

3

place where the operative facts of the action occurred . . . this diminishes the weight assigned to this factor.'") (quoting *McGraw-Hill Cos., Inc., v. Charles Jones, et al.*, No. 12-CV-7085, 2014 WL 988607, at *7 (S.D.N.Y. Mar. 12, 2014)) (collecting cases). Although Brown has chosen to file here, her election carries little weight given that she resides in the Western District and worked there exclusively. And while her brief and declaration assert that "a substantial number of transactions" and "business operations" took place in the Eastern District, (June 2023 Decl. of Debra Brown in Opp'n to Def.'s Mot. to Transfer Venue ("Brown Decl."), Dkt. No. 23-10 ¶¶ 7, 9), these are conclusory, detail-less allegations. They simply lack any credibility without any details and in the face of the proof and details provided by XGEN. Though Brown alleges she worked in the accounting department and "all the main accounting business was conducted on Long Island," (*Id.* ¶ 6), she herself did so from the Western District, and never alleges travelling or actually working in the Eastern District itself. (Reply Decl. of J. Robin Liles in Further Supp. of Def. XGEN Pharmaceuticals DJB, Inc.'s Mot. to Transfer Venue dated July 12, 2023 ("Liles Reply Decl."), Dkt. No. 23-14 ¶¶ 12, 15). The fact that XGEN was founded in Long Island, (Brown Decl. ¶ 8), does nothing to counter the proof that XGEN is currently headquartered elsewhere, and has no office location other than in the Western District of New York. (Liles Reply Decl. ¶ 3).

At best, her proof amounts to showing that one Executive Officer, albeit an important one, worked from Long Island. (*Id.* ¶ 4.) But she does not allege that she worked with the CEO, if at all, and does not dispute that the Long Island address is only the CEO's home, not a XGEN office. (*Id.* ¶¶ 4, 11–13). Finally, Brown was terminated from employment in the Western District, and the decision to terminate her was made there (as was the alleged decision to deny her a reasonable accommodation). (*Id.* ¶¶ 12,

4

16). Given the overwhelming set of facts and events taking place elsewhere, Brown's choice of forum is entitled to no weight. In contrast, the strong connection of these events to the Western District suggest transfer is appropriate there. *See e.g.*, *Dickerson*, 315 F.R.D. at 30 ("Here, the Court finds that the operative events giving rise to Plaintiff's allegations occurred in the Northern District of Texas—that is where she was employed; where she complained of pay discrimination; where she was denied promotions and pay raises; where she was given negative performance evaluations; where she took medical leave; where she was investigated; and where she was ultimately terminated.").

As to the second factor, witness convenience, this too favors transfer. "The convenience of the witnesses is probably the single most important factor in the transfer analysis." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006) (collecting cases). It appears that all the witnesses reside and work in the Western District. Brown and most of the XGEN witnesses reside there. (Def.'s Mem. of Law in Supp. of Def. XGEN Pharmaceuticals DJB, Inc.'s Mot. To Transfer Venue dated June 8, 2023 ("Def.'s Mem. of Law"), Dkt. No. 23-6 at 7). All Brown can muster in response is that XGEN's brief fails to identify these individuals and only refers to them as a group. (Pl.'s Mem. of Law at 4). But Brown herself identified them in her Rule 26(a) initial disclosures, (Pl.'s Rule 26(a) Disclosures, attached as Ex. 1 to Reply Decl. of Amanda A. Tersigni in Further Supp. of Def. XGEN Pharmaceuticals DJB, Inc.'s Mot. to Transfer Venue dated July 13, 2023, Dkt. No. 23-13 at 2–3), and those individuals are indisputably tied to the Western District and have no connection here.

The remaining factors also favor transfer. While the location of documents is perhaps less relevant in an era of largely electronic discovery, *see Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474,

484 (S.D.N.Y. 2007), *aff'd sub nom. N.Y Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010), Brown does not, and cannot credibly, dispute that the documents are located at XGEN's headquarters (or her residence), again in the Western District. For the same reasons that Brown's choice of forum is entitled to no deference, the factor regarding the locus of operative facts strongly favors transfer. *Supra* at 3–5. The subpoena and process factor favors transfer, because although the non-party witnesses may be executives (and supervisors), they are not all XGEN officers. And as such, they are subject to the 100-mile bulge rule under Rule 45, meaning that they can only be forced to testify (at trial or for a deposition) in the Western District. Assuming XGEN does not produce the witnesses voluntarily or the witnesses no longer work for the company, they cannot be subpoenaed to appear in the Eastern District. *See* Fed. R. Civ. P. 45(c)(1). It is impossible to see how Brown could prosecute her case without the testimony of these witnesses, who again were identified in the Rule 26(a) disclosures and who took part in the allegedly unlawful discrimination. *Frasca v. Yaw*, 787 F. Supp. 327, 332 (E.D.N.Y. 1992) ("There is no indication from the parties that such witnesses would be subject to the process of this Court to compel their attendance at a trial conducted in this district." (internal citation omitted)); *cf. Kaufman v. Salesforce.com*, No. 20-CV-06879, 2021 WL 1687378, at *10 (S.D.N.Y. Apr. 29, 2021) ("To Salesforce's point, the prior art witnesses and Salesforce's former employees in the San Francisco Bay Area can be compelled to testify at trial by the District Court for the Northern District of California, and not by this Court."), *aff'd*, No. 20-CV-6879, 2021 WL 2269552 (June 3, 2021). And as to the final factor, Brown agrees that this factor is neutral. (Pl.'s Mem. of Law at 8).

Given that all the factors, save one, favor transfer, the Clerk of Court is directed to transfer this case to the Western District of New York. Because transfer is a non-dispositive action, no report and recommendation is necessary, and the Clerk may effectuate the transfer absent any action by a District Judge. *Alexander v. Comm'r of Soc. Sec.*, No. 23-CV-6964, 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) (collecting cases). To the extent, however, that Brown objects to the action, she must file objections within 14 days. *See* Fed. R. Civ. P. 72(a) (noting objections to non-dispositive orders are subject to clear error review). As such, the Clerk should transfer the case only upon the expiration of the 14-day period or if objections are filed, upon the District Judge's resolution of such objections, whichever is later.

        SO ORDERED.

        */s/ Sanket J. Bulsara   December 4, 2023*
        SANKET J. BULSARA
        United States Magistrate Judge

Brooklyn, New York